NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LUIS ALBERTO BAUTISTA, *Petitioner*.

No. 1 CA-CR 14-0497 PRPC
FILED 7-21-2016

Petition for Review from the Superior Court in Maricopa County
No.  CR 98-05875
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin, Mikel Steinfeld
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Peter B. Swann joined.

---

**N O R R I S**, Judge:

¶1        Petitioner Luis Alberto Bautista petitions this court for review of the superior court's order denying him post-conviction relief, pursuant to Arizona Rule of Criminal Procedure 32.  We grant review and, for the following reasons, deny relief.

¶2        A jury convicted Bautista of first degree murder, second degree murder, disorderly conduct, and threatening and intimidating—offenses he committed in 1998 when he was 16.  The superior court sentenced Bautista to life imprisonment for first degree murder without the possibility of parole for 25 years, and a consecutive, aggregate term of 31 years imprisonment for the remaining counts.  This court affirmed Bautista's convictions and sentences on direct appeal.

¶3        Bautista's notice of post-conviction relief challenged his sentence based on the Supreme Court's holding in *Miller v. Alabama*, "that mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  __ U.S. __, 132 S. Ct. 2455, 2460, 183 L. Ed. 2d 407 (2012).  Bautista argued *Miller* was a significant change in the law requiring the superior court to resentence him.

¶4        The superior court considered Bautista's post-conviction relief proceeding with other post-conviction relief proceedings filed by other petitioners who raised identical claims.  The court ordered the parties to file briefs addressing whether *Miller* was retroactive, and whether the petitioners' claims were cognizable given they had not yet served 25 years of their sentences.  Before holding oral argument on these issues, our Legislature passed H.B. 2593, which enacted Arizona Revised Statutes ("A.R.S.") section 13-716 (Supp. 2015)[1] and amended A.R.S. § 41-1604.09(I)

---

[1]Effective July 24, 2014, A.R.S. § 13–716 provides:

(Supp. 2015), establishing parole eligibility for juveniles sentenced to life imprisonment. *See* 2014 Ariz. Sess. Laws, ch. 156, §§ 2, 3. After oral argument, the superior court denied relief "with the condition that upon . . . § 13-716 and § 41-1604.09(I) becoming effective under Arizona law, the Arizona Department of Corrections shall set a specific date for [Bautista's] parole eligibility." The superior court concluded *Miller* applied retroactively and H.B. 2593 resolved the residual issues of whether Bautista's "sentence violated the letter and spirit of *Miller*." The superior court also held Bautista is not eligible for release.

¶5 Bautista argues on review that the superior court abused its discretion in denying his request for resentencing. More specifically he argues that the court's denial precluded him from challenging H.B. 2593 by arguing, for example, H.B. 2593's statutory changes were not retroactive and violated *Miller*, the prohibition against *ex post facto* laws, and the separation of powers doctrine.[2] Bautista requests that we "vacate the trial court's judgment, as it relates to the automatic resentencing by HB 2593, and remand this matter for a full resentencing."

¶6 The superior court did not abuse its discretion in summarily dismissing Bautista's Rule 32 proceeding. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9, 368 P.3d 925, 927 (2016) (appellate court reviews superior court's summary dismissal of a Rule 32 proceeding for abuse of discretion).

¶7 First, as the superior court correctly determined, *Miller* is a significant change in the law and is retroactive. *Montgomery v. Louisiana*, __ U.S. __, 136 S. Ct. 718, 736, 193 L. Ed. 2d 599 (2016); *State v. Valencia*, 239 Ariz. 255, 259, ¶ 17, 370 P.3d 124, 128 (App. 2016). Second, as the superior court also correctly determined, a "State may remedy a *Miller* violation by

---

Notwithstanding any other law, a person who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years for an offense that was committed before the person attained eighteen years of age is eligible for parole on completion of service of the minimum sentence, regardless of whether the offense was committed on or after January 1, 1994. If granted parole, the person shall remain on parole for the remainder of the person's life except that the person's parole may be revoked pursuant to § 31-415.

[2]Bautista concedes he did not raise these issues until the oral argument below.

permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery*, __ U.S. at __, 136 S. Ct. at 736. Thus, H.B. 2593 and the resulting statutory changes remedied that violation because they permit "juvenile homicide offenders to be considered for parole." *Id.*

**¶8**         Finally, as the State argues, in *State v. Vera* this court considered the arguments identified by Bautista in his petition, including the argument that resentencing is required, and rejected them. 235 Ariz. 571, 576-78, ¶¶ 21-22, 26 & nn.6-7, 334 P.3d 754, 759-61 & nn.6-7 (App. 2014),[3] *cert. denied*, __ U.S. __, 136 S. Ct. 121, 193 L. Ed. 2d 95 (2015). Therefore, remanding this matter would not serve any purpose. *See* Ariz. R. Crim. P. 32.6(c) (summary disposition appropriate when "no purpose would be served by any further proceedings").

**¶9**         For the foregoing reasons, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA

---

[3]Bautista also argues this court's decision in *State v. Randles*, 235 Ariz. 547, 334 P.3d 730 (App. 2014), conflicts with *Vera*. In *Randles*, we held the statutory changes from H.B. 2593 "satisfie[d] the requirements of the Eighth Amendment by expressly providing that juvenile offenders sentenced to life imprisonment shall be eligible for parole upon completion of their minimum sentence 'regardless of whether the offense was committed on or after January 1, 1994.'" 235 Ariz. at 549, ¶ 9, 334 P.3d at 732 (quoting A.R.S. § 13-716 and citing A.R.S. § 41-1604.09(I)(2)). We further concluded the "change in the law is applicable to all such sentences, and accordingly, applies retroactively to Randles' sentence." *Id.* at 550, ¶ 10, 334 P.3d at 733. *Randles* did not hold A.R.S. § 13-716 was retroactive in violation of A.R.S. § 1-244 (2010). In applying the statute "retroactively" to Randles' sentence, we merely recognized that the statute was applicable to antecedent events, consistent with the court's discussion in *Vera*. *See* 235 Ariz. at 576, ¶ 21, 334 P.3d at 759.